Bruce P. Babbitt, WSBA #4830
Jameson Babbitt Stites & Lombard, PLLC
999 Third Ave., #1900
Seattle, WA 98104
Telephone: 206-292-1994
Attorneys for Plaintiff

FILED UNDER SEAL AS REQUIRED BY 31 U.S.C.A. § 3730(b)(2)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA, ex rel. SALINA SAVAGE, SAVAGE LOGISTICS, LLC,

    Plaintiff,

vs.

WASHINGTON CLOSURE HANFORD LLC; FEDERAL ENGINEERS AND CONSTRUCTORS, INC., PHOENIX ENTERPRISES NW, LLC; DENNIS HOUSTON, BERNIE LAVERENTZ, and JONETTA EVERANO,

    Defendant.

No.

COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIM ACT: FOR INTERFERENCE WITH CONTRACT AND FOR VIOLATION OF THE WASHINGTON STATE UNFAIR TRADE PRACTICES ACT RCW 19.86.010, *et seq.*

JURY TRIAL DEMANDED
**FILED IN CAMERA AND UNDER SEAL (AS REQUIRED BY 31 U.S.C.A. § 3730(b)(2))**

## INTRODUCTION

1. This action is based upon continuing attempts by Washington Closure Hanford (WCH) and Federal Engineers and Constructors (FE&C), Phoenix Enterprises Northwest (PENW), Dennis Houston, Bernie Laverentz and Jonetta Everano, to present false claims in violation of the Federal False Claims Act, 31 U.S.C. §§ 3729 and 3730.

2. Defendants have presented false claims for payment to the United States of America by means of falsely certifying their compliance with the terms of the River Corridor

COMPLAINT - 1

52970\01000\00468083.DOC.V1 BPB

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
999 THIRD AVENUE
SUITE 1900    TEL 206 292 1994
SEATTLE, WA 98104-4001    FAX 206 292 1995

Closure Contract, Contract No. DE-AC06-05RL 14655 and the requirement of Section J-4 that it contract 65% of the work to qualified small businesses, 22% to small disadvantaged businesses, 13% to women-owned small businesses. Defendants have also presented false claims by certifying that the subcontract let by WCH was competed in accordance with federal law, regulations, and the requirements of the River Closure Contract.

3. Defendants violated federal law in knowingly misrepresenting the small business size status of PENW in violation of 15 USC § 645(d).

4. The false certification was an attempt to avoid the penalty of up to $3 million for each milestone and after a total reduction of otherwise earned fees for the contract up to $9 million. This is set forth in Section H-28 of the River Closure Contract.

5. In early 2009, aware of pending subcontracts, agents of FE&C, Bernie Laverentz, in conjunction with WCH's contracting officer, Dennis Houston, began attempts to recruit a front company compete for on the River Closure Contract work using all of FE&C's resources and funding, which front company would be awarded the subcontract by WCH through Mr. Houston's intervention. This activity which led to the award of the contract to PENW constituted bid rigging. This was a violation of the contract requirements that subcontracts be competed for without collusion.

6. These false claims represent not only false invoices passed by WCH to the United States, but also losses to the United States based upon the full 67 weeks of contract performance, because the United States was denied more favorable pricing that would have been offered had the subcontract been fairly competed in accordance with the contract law, and the attempt to avoid the forfeiture under Section H-28 of its contract with the United States, thus constituting a reverse false claim.

7. Relator Salina Savage brings this action after voluntarily disclosing her knowledge and information to the United States as required by 31 U.C.S. §3730(e) (4) (B), of all of which she has personal knowledge.

COMPLAINT - 2

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
999 THIRD AVENUE
SUITE 1900    TEL 206 292 1994
SEATTLE, WA 98104-4001 FAX 206 292 1995

52970\01000\00468083.DOC.V1 BPB

8. The claims by Savage Logistics for interference with contract against the named individuals and organizations arise out of the same bid rigging and false certifications that underlay the false claims act. These illegal activities resulted in Savage Logistics being denied a contact that it otherwise would have been awarded.

## JURISDICTION AND VENUE

9. This Court has subject matter of the Federal False Claims action pursuant to 28 U.S.C. §1331 and 31 U.S.C. §3732(a), which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §3729 and §3730. 31 USC §3730(a) provides that "[a]ny action under section 3730 may be brought in any judicial district in which the defendant, or in the case of multiple defendants, any one defendant can be found, resides, transacts business or in which any act proscribed by section 3729 occurred."

10. This Court has personal jurisdiction over defendants Dennis Houston, Bernie Laverentz, Jonetta Everano, WCH Hanford, FE&C, and Jonetta Everano and Phoenix Enterprises Northwest (PENW).

11. This Court has pendant jurisdiction of the claims of Savage Logistics for interference with contract and for violation of the Washington State Unfair Trade Practices Act.

12. Salina Savage has personal knowledge of the details of this scheme to submit false claims.

## THE PARTIES

13. Relator Salina Savage has been working in transportation since 1978. In 1987, Salina Savage began working for a family owned transportation business, Savage Western Transport, Inc. She there implemented the company policies covering transportation of hazardous materials, compliance with U.S. Department of Transportation, Washington Utilities and Transportation Commission, and U.S. Department of Ecology regulations and practices.

14. In 1994, Salina Savage commenced work at Hanford for the Department of Energy as a transportation specialist at the Hanford site for U.S. Department of Energy. She

COMPLAINT - 3

52970\01000\00468083.DOC.V1 BPB

Jameson Babbitt Stites & Lombard, p.l.l.c.
Attorneys at Law
999 Third Avenue
Suite 1900        Tel 206 292 1994
Seattle, WA 98104-4001  Fax 206 292 1995

became a member of the DOE Motor Carrier Evaluation Program (MCEP) to ensure that only highly qualified carriers transported DOE commodities. Relator Savage was also a member of the DOE Transportation Compliance Evaluation Assistance Program (TCEAP) conducting technical assessments of DOE field elements and assistance in transportation and packaging management activities.

15. While at Hanford, Relator Savage became the subject matter expert for the Fluor Hanford spare parts administrator to administer and review spare parts inventory, establish quality levels and procurement specifications for critical spare parts that support the Hanford Nuclear Facilities by the passport data base system.

16. Relator Savage trained design authorities (engineers) and quality assurance personnel on the passport system for the maintenance, inventory and control of spare parts.

17. While working at the Hanford Facility, Relator Savage received two "Continuous Process Improvement Awards" for identifying new business practices for inventory control.

18. Relator Savage has taken part in various training courses and received significant certifications. These include, *inter alia*, motor carrier safety regulations seminars, fleet safety and compliance seminars, basic hazardous material waste and radioactive transportation training advancements, waste shipper certification training, vehicle inspection training, transportation compliance evaluation systems program training, and others.

19. Relator Savage is certified by U.S. Department of Transportation Motor Carrier Operating Authority License, Washington Utilities and Transportation Permit, Washington Transporter License, Washington State Department of Ecology Transporter Permit, U.S. Department of Transportation, PHMSA Hazmat Registration, U.S. Small Business Administration, Small Disadvantaged Business (SDB), Certification and 8-A Business Development Certification, and others.

20. Jonetta Everano, at all times material hereto:

COMPLAINT - 4

52970\01000\00468083.DOC.V1 BPB

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
999 THIRD AVENUE
SUITE 1900        TEL 206 292 1994
SEATTLE, WA 98104-4001  FAX 206 292 1995

      a.     Was employed full time at the offices of Federal Engineers and Constructors (FE&C) as a construction services manager.

      b.     At the time of procurement she had no separate address from FE&C, shared the same telephone number and fax number as FE&C, and only signed a sublease on June 1, 2009, after notice of award.

      c.     She purchased administrative services, plant, labor materials, tools, supplies, transportation, equipment, supervision, and FE&C was to perform all operations necessary to perform the contract.

      d.     Her business had no employees or receipts. Defendant Bernie Laverentz was authorized, with her to negotiate the procurement.

      e.     She had no contractor's registration, held no required certifications, had lacked the experience required to perform.

      f.     The SBA found as a fact that PENW was affiliated with FE&C and that FE&C was, with PENW over the average receipt limit of $14 Million annually. This made PENW not eligible for award.

21. Bernie Laverentz is the Vice President of FE&C. Beginning in 2009 he began conspiring with Dennis Houston, WCH's Contracting Officer to rig bids and collude to misrepresent the size and independence of subcontractors who would propose to do work under the DOE River Closure Contract. By doing so FE&C would continue to perform the scope of work and receive contract payments and WCH would satisfy its obligations under the contract to use small and disadvantaged businesses.

22. Dennis Houston at all times material to this action was a contracting officer employed by WCH. As such he had knowledge of upcoming procurements and had the ability to provide information as to the intentions of WCH in choosing to extend the term of subcontracts for hauling, such as the one at issue, to longer than the minimum term specified in the advertisement.

COMPLAINT - 5

Jameson Babbitt Stites & Lombard, p.l.l.c.
Attorneys at Law
999 Third Avenue
Suite 1900    Tel 206 292 1994
Seattle, WA 98104-4001  Fax 206 292 1995

52970\01000\00468083.DOC.V1 BPB

23. Washington Closure Hanford (WCH) is a Washington Limited Liability Company. Its members are William Poulson, David Pethick, Ellen Livingston-Behan, Mark Spears, and Craig Weaver. On March 25, 2005 the United States Department of Energy (DOE) awarded the project denominated "River Corridor Closure Contract" Contract No. DE-AC06-05RL 14655 to WCT. The contract expenditures at issue in this lawsuit are subject to the requirements of the American Recovery and Reinvestment Act of 2009, Public Law 111-5.

24. Federal Engineers and Constructors, Inc. (FE&C) is a corporation formed in 2001 whose president is Richard French, a former manager of the U.S. DOE's Office of River Protection (ORP). FE&C has been awarded contracts in the past from ORP and aggressively pursues subcontract work from WCH.

25. Phoenix Enterprises NW, LLC (PENW) is a Washington Limited Liability Company whose president is Jonetta Everano. PENW was organized in February, 2009 with FE&C as 49% owner. PENW had no assets, address, or telephone numbers of its own and only entered into a sublease with FE&C in June, 2009, after it was awarded the contract which is the subject of this action. PENW has been determined to be an affiliate of FE&C.

### The Advertisement and Award

26. WCH solicited proposals for the truck and pup transport subcontract to through a request for proposals dated April 9, 2009. A condition of the award required the ability of the proposer to certify first that it was able to certify as a small business as defined by the North American Industry Classification System (NAICS) Code 562910 for work of environmental services, and second to be able to certify as a further set aside such as 8-A small disadvantaged business or veteran owned, etc., as defined by the Small Business Administration.

27. The invitation contained a penalty for false statement in paragraph 13, as prescribed in 18 U.S.C. §1001.

28. Being able to certify as a small business and as a small disadvantaged business as defined by the Small Business Administration was a condition of award.

COMPLAINT - 6

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
999 THIRD AVENUE
SUITE 1900         TEL 206 292 1994
SEATTLE, WA 98104-4001 FAX 206 292 1995

52970\01000\00468083.DOC.V1 BPB

29. Prior to the award of the subcontract in question to PENW, defendant FE&C was not qualified for the award because it could not qualify as a small business under the NAICS definition or under the Small Business Administration standards.

30. Months before the advertisement and the award, defendant Bernie Laverentz, vice president of FE&C, sought out any contractors who he and FE&C could use as a front so that the work could be in large part awarded to FE&C.

31. Mr. Laverentz indicated that his friend, Dennis Houston, senior procurement specialist with Washington Closure Hanford, would arrange for the work to be subcontracted to be awarded to the entity.

32. Defendant Jonetta Everano of PENW was ultimately selected to perform the project, even though PENW was not an independent business and could not qualify under the Statement of Work or Basis of Award section of the advertisement.

33. Relator Savage, on behalf of her company, timely protested to the U.S. Small Business Administration. The Small Business Administration determined that PENW was not a small business for purposes of the procurement. The basis for this determination included, *inter alia*, Jonetta Everano was a full-time employee of FE&C; that PENW and FE&C occupied co-located office space; that PENW and FE&C shared an insurance policy; that PENW and FE&C received assistance from FE&C to prepare cost proposals; PENW had no employees and had no receipts; all the key employees identified in the proposal were employed by FE&C; PENW had no independent qualifications.

34. Despite the finding of the SBA, WCH proceeded to award the hauling contract to PENW, in violation of Section 16(d) of the Small Business Act, 15 U.S.C. §1545(d), which provides severe criminal penalties for knowingly representing the small business size status of the concern in connection with procurement programs.

35. The size of the contract awarded to PENW was approximately $4.8 million.

COMPLAINT - 7

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
999 THIRD AVENUE
SUITE 1900    TEL 206 292 1994
SEATTLE, WA 98104-4001  FAX 206 292 1995

52970\01000\00468083.DOC.V1 BPB

36. Through collusion and foreknowledge obtained from WCH and FE&C, defendants were able to take advantage of knowledge that the actual haulage contract would be extended to 67 weeks. This enabled defendants to have advantages in pricing not accessible to other proposers such as Salina Savage's firm.

37. Had Relator Savage's firm, Savage Logistics, known, as did Jonetta Everano, Bernie Laverentz, FE&C and PENW, that the full 67 weeks of hauling would be contracted for; Savage Logistics' price would have been at least $300,000 lower than the price offered by FE&C and PENW. The Government has been damaged at least by that sum through false claims.

38. Additionally, the contract called for billings and payments on a schedule of every contract called for progress payment every 30 days. It required billing invoices from subcontractor to contractor.

39. Each billing from PENW/FE&C represented a certification that PENW was in compliance with the requirements of the 8-A program. In fact, from the date of the SBA's size determination, PENW, FE&C, and WCH knew that PENW was not in compliance.

40. WCH thereafter billed the Department of Energy for the amounts paid to PENW, each of which invoices constituted a certification of compliance with the SBA requirements, and the requirements of the solicitation and of WCH's contract with DOE, making each billing a false claim under the False Claim Act.

41. Each of those false claims subject the false claimant to penalties of $11,000.

## SALINA SAVAGE'S PERSONAL KNOWLEDGE AND INVESTIGATION OF THE FALSE CLAIMS

42. Following the notice of award to PENW Salina Savage investigated PENW's qualifications and background.

43. Salina Savage investigated the efforts of Bernie Laverentz and Dennis Houston to rig bids on the subject procurement with Jonetta Everano and obtained statements from other subcontractors who had been contacted as part of the scheme to rig bids.

COMPLAINT - 8

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
999 THIRD AVENUE
SUITE 1900        TEL 206 292 1994
SEATTLE, WA 98104-4001  FAX 206 292 1995

52970\01000\00468083.DOC.V1 BPB

44. Ms Savage investigated purchases of heavy equipment by PENW and FE&C, which would not have been made unless the conspirators were aware that the project would be extended to the full term of 67 weeks.

45. Ms Savage investigated the qualifications of PENW and successfully proved before SBA that PENW was an affiliate of FE&C, not eligible for award of the Truck and Pup Subcontract.

### REVERSE FALSE CLAIMS

46. The false claims by defendants herein were made to avoid paying back to the United States penalties under WCH's contract with the United States Department of Energy for violation of the Small Business contractor requirements of Section H, as provided in Section J of the contract between WCH and the United States Department of Energy.

### CLAIMS OF SAVAGE LOGISTICS AGAINST WCH, FE&C, PENW, DENNIS HOUSTON, BERNIE LAVERENTZ, AND JONETTA EVERANO

**Interference with Contract**

47. Defendants, and all of them, conspired, by inside information, bid rigging, and false certifications, to deny Savage Logistics a contract which it was otherwise entitled to receive for the Truck and Pup Hauling Contract.

48. Such conduct was an intentional, unlawful, and unpermitted interference with Savage Logistics right to receive the contract advertised for competition.

49. The amount of such damages will be set forth in supplemental pleading, but are stated at this time to be $500,000.

**Violation of Washington Unfair Trade Practices Act RCW 19.86.**

50. The acts alleged to have been committed by all defendants constitute unfair and deceptive acts in commerce under the Washington Unfair Trade Practices Act, including but not limited to:

COMPLAINT - 9

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
999 THIRD AVENUE
SUITE 1900         TEL 206 292 1994
SEATTLE, WA 98104-4001  FAX 206 292 1995

52970\01000\00468083.DOC.V1 BPB

      a.    Conspiring to rig bids and allocate contracts in violation of Federal and State Law.

      b.    Combining to limit competition on Federal Contracts affecting commerce.

      c.    Denying Co-Plaintiff Savage Logistics the benefit of contract by reason of deceptive acts.

51.    Co-Plaintiff Savage Logistics is entitled to recover, in addition to its lost contract expectancy, its attorney fees, costs, and trebled damages as permitted by RCW 19.86.090.

## PRAYER

WHEREFORE, Qui Tam Plaintiff/Relator Salina Savage prays for judgment against all defendants as follows:

1.    That defendants cease and desist from violating 31 USC§§ 3729 *et seq.*

2.    That the Court enter judgment against defendants jointly and severally in an amount equal to three times the amount of damages that the United States has sustained by reason of their acts in violation of the Federal False Claims Act, as well as a civil penalty of $11,000 for each violation of 31 USC §3729.

3.    That the Relator be awarded the maximum amount allowed pursuant to 31 USC §3730(d) of the Federal False Claims Act.

4.    That the Relator be awarded all costs of this action, including attorney fees and expenses.

5.    That Co-Plaintiff Savage Logistics, L.L.C. be awarded damages in an amount stated for purposes of this complaint to be $500,000.00 as damages for defendant's interference with its contract expectancy to be awarded the contract at issue.

6.    The Co-Plaintiff Savage Logistics, L.L.C. be awarded trebled damages, plus its attorney fees and costs because of the violation of the Unfair Trade Practices Act in Washington.

COMPLAINT - 10

52970\01000\00468083.DOC.V1 BPB

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
999 THIRD AVENUE
SUITE 1900    TEL 206 292 1994
SEATTLE, WA 98104-4001  FAX 206 292 1995

7. For such other and further relief as the court deems just and equitable.

DATED this 6th day of May, 2010.

JAMESON BABBITT STITES
& LOMBARD, PLLC

By: _____
Bruce P. Babbitt, WSBA #4830
Attorneys for Plaintiff

COMPLAINT - 11

JAMESON BABBITT STITES & LOMBARD, P.L.L.C.
ATTORNEYS AT LAW
999 THIRD AVENUE
SUITE 1900    TEL 206 292 1994
SEATTLE, WA 98104-4001  FAX 206 292 1995