| | |
|---|---|
| | THE HONORABLE EDWARD F. SHEA |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. SALINA SAVAGE, SAVAGE LOGISTICS, LLC,<br><br>                                   Plaintiff,<br><br>     v.<br><br>WASHINGTON CLOSURE HANFORD LLC; FEDERAL ENGINEERS AND CONSTRUCTORS, INC., PHOENIX ENTERPRISES NW, LLC; DENNIS HOUSTON, BERNIE LAVERENTZ, and JONETTA EVERANO,<br><br>                                   Defendants. | No. CV-10-5051-EFS<br><br>STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY |

Plaintiffs United States of America, Salina Savage, and Savage Logistics, LLC ("Plaintiffs") and Defendants Washington Closure Hanford, LLC, Federal Engineers and Constructors, Inc., Phoenix Enterprises NW, LLC, Dennis Houston, Bernie Laverentz, and Jonetta Everano ("Defendants") have determined that certain responses to discovery, including documents to be produced, written responses and deposition testimony may constitute or encompass confidential or proprietary information entitled to protection from use or disclosure other than in connection with the litigation of this action.  The parties have agreed, without waiving any privileges and/or constitutional, statutory or common law

STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY  (Cause No. CV-10-5051-EFC) – Page 1

**GROFF MURPHY, PLLC**
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

protections, but in order to facilitate the resolution of confidentiality issues with a minimum of Court involvement as follows:

**AGREEMENT**

1.  This Stipulation and Order shall apply to all manner and means of discovery, including inspection of books, records, magnetic or electronic media, documents and things, and all manner of written and oral discovery.

2.  Any party to this Litigation, and any third party from whom/which discovery is sought in the course of this Litigation, shall have the right to designate as "CONFIDENTIAL" any information that such party (the "Designating Party") has a reasonable basis to believe constitutes or reflects: (1) trade secret (as defined by applicable Washington or federal statute) or other confidential research, development or commercial information, including non-public financial information and/or non-public information related to corporate strategy; (2) personal information about an individual, including financial and employment information; (3) other information protected by an individual's right of privacy; (4) confidential financial information; (5) information deemed confidential or non-public by a regulatory body; (6) information otherwise protected by law from disclosure; and/or, (7) any other information with respect to which there is any other compelling need for confidentiality.

3.  A Designating Party shall also have the right to designate as "HIGHLY CONFIDENTIAL" any information that such party has a reasonable basis to believe: (1) constitutes or reflects "CONFIDENTIAL" information within the meaning of paragraph 2, above; and (2) constitutes or reflects highly sensitive and non-public information that, if disclosed (whether to business competitors or others), would have the potential to seriously harm the personal, privacy, or business interests of the Designating Party or a non-party to this action.  By way of example only, and without limitation, medical information regarding a Designated Party, bank account and credit card numbers for a non-party to this action, and trade secrets (as defined by applicable Washington or federal statute) are the sorts of information that might be designated "Highly Confidential."  In any event, the parties anticipate that this designation will be used sparingly.

STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF MATERIALS AND INFORMATION
PRODUCED IN DISCOVERY  (Cause No. CV-10-5051-EFC) – Page 2

**GROFF MURPHY, PLLC**
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

4.   Each of the parties agrees to exercise its right to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Stipulation and Order in good faith, and shall designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only those portions of any materials or information that it believes in good faith meet the requirements of paragraphs 2 or 3, above, as the case may be.

5.   Information designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is hereinafter referred to collectively as "Confidential Information."

6.   All Confidential Information shall be clearly labeled by the Designating Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time that such Confidential Information is produced.  Any copies made of Confidential Information shall include a confidentiality label.  During any deposition or other transcribed proceeding, or for the period 30 days after such deposition or proceeding, any party may designate any portion of the transcript as Confidential Information on the record, and such materials shall be marked in accordance with paragraph 18.  In case of Confidential Information stored on computers or otherwise in electronic format, the CD, DVD or other device containing such information shall either be labeled by the Designating Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or be so described in a letter to counsel for all parties receiving such materials.

7.   If a producing party inadvertently fails to stamp or otherwise properly designate documents or other material upon their production, it may designate such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by giving written notice to all parties that the material is to be so designated.  All parties shall then stamp or otherwise mark the designated material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as described above, or, at their option, make the materials available to the Designating Party to stamp or otherwise mark the designated material. . If a party receiving designated documents or other materials discloses such Confidential Information to a person not listed in paragraphs 12 or 13, prior to receiving notice of a belated designation, such party shall, within five (5) business days notice of the belated designation, request that all such documents be

STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF MATERIALS AND INFORMATION
PRODUCED IN DISCOVERY  (Cause No. CV-10-5051-EFC) – Page 3

**GROFF MURPHY, PLLC**
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

returned from any person who is not authorized to receive them.  In no case, however, shall a party or any recipient, who used or disclosed the belatedly designated material, prior to actual notice of the belated designation, incur any liability, penalty or sanction on account of such use or disclosure.

8. If any party to this Litigation serves a non-party with a subpoena duces tecum, counsel for the party issuing the subpoena shall give notice to all other parties within five (5) business days of receipt of the commanded production, and shall temporarily treat any documents produced as if they have been designated "HIGHLY CONFIDENTIAL."  The other party shall then have ten (10) business days to review the subpoenaed documents to determine whether to designate some or all of the documents as Confidential Information.  Any documents designated as Confidential Information during the 10-day period shall be governed by the terms of this Stipulation and Order.

9. All subsequently-created derivative documents such as summaries, charts, and notes, ("Derivative Materials") that contain or discuss Confidential Information in a manner that discloses the content of the Confidential Information shall be protected and governed by this Stipulation and Order to the same extent and on the same basis as the underlying Confidential Information itself.

10. The right under this Stipulation and Order to designate information and documents as Confidential Information shall not limit the right, where applicable, of any party to redact information from documents produced for inspection or trial in this action (*e.g.*, on the basis of privilege, relevancy or privacy).  However, a party making such redactions must: (1) indicate on the redacted documents where redactions have been made; and, (2) provide, at the time of such production, a redaction log similar in form and substance to a privilege log, containing sufficient information as to the nature of the redacted matter and the reasons for the redactions to enable the Court to determine the propriety of the redactions.

11. Except as otherwise ordered by the Court or agreed by the parties in writing, Confidential Information and Derivative Materials shall not be used for any purpose other than pleadings, discovery, motions, briefs, trial and preparation for trial, appellate proceedings, and any settlement or mediation proceedings in the above-captioned case, United States of America, Salina

STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF MATERIALS AND INFORMATION
PRODUCED IN DISCOVERY  (Cause No. CV-10-5051-EFC) – Page 4

**GROFF MURPHY, PLLC**
300 EAST PINE
SEATTLE, WASHINGTON  98122
(206) 628-9500
FACSIMILE:  (206) 628-9506

Savage, and Savage Logistics, LLC v. Washington Closure Hanford, LLC, Federal Engineers and Constructors, Inc., Phoenix Enterprises NW, LLC, Dennis Houston, Bernie Laverentz, and Jonetta Everano, United States District Court for the Eastern District of Washington, Case No. CV-10-5051-EFC (the "Litigation").

12. Except as otherwise ordered by the Court or agreed by the parties in writing, disclosure of the testimony, documents and information designated as "CONFIDENTIAL," and associated Derivative Materials, shall be restricted to the following persons:

a) The parties to this Litigation, and their agents, auditors, insurers, employees, officers, directors, shareholders, affiliates, and attorneys who have a legitimate need to review the information. For the purposes of this provision, "parties to this Litigation" shall be limited to the Plaintiffs and the Defendants in the above-captioned case, including any later-named parties after this protective order is entered;

b) Counsel of record for the parties in this Litigation, and their employees, paralegals, and other secretarial and support personnel working under counsel's supervision;

c) Judges, law clerks and other personnel of the Court before which this Litigation is pending;

d) The trier of fact;

e) Stenographic reporters and videographers at depositions and other proceedings in this Litigation;

f) Independent contractors, experts, consultants or advisors who are retained or employed by any of the parties or their counsel in connection with the Litigation, and who have a legitimate need to review such materials to perform their duties or tasks in connection with the Litigation; and

g) Non-party witnesses in the Litigation only to the extent that such disclosure is reasonably required in connection with giving testimony in the Litigation.

STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF MATERIALS AND INFORMATION
PRODUCED IN DISCOVERY  (Cause No. CV-10-5051-EFC) – Page 5

GROFF MURPHY, PLLC
300 EAST PINE
SEATTLE, WASHINGTON  98122
(206) 628-9500
FACSIMILE:  (206) 628-9506

13. Except as otherwise ordered by the Court or agreed by the parties in writing in advance, disclosure of testimony, documents and information designated as "HIGHLY CONFIDENTIAL," and associated Derivative Materials, shall be restricted to the following persons:

 a) The parties to this Litigation, and their agents, auditors, insurers, employees, officers, directors, shareholders, affiliates, and attorneys who have a legitimate need to review the information. For the purposes of this provision, "parties to this Litigation" shall be limited to the Plaintiffs and the Defendants in the above-captioned case, including any later-named parties after this protective order is entered

 b) Counsel of record for the parties in this Litigation, and their employees, paralegals, and other secretarial and support personnel working under counsel's supervision;

 c) Judges, law clerks and other personnel of the Court before which this Litigation is pending;

 d) The trier of fact;

 e) Stenographic reporters and videographers at depositions and other proceedings in this Litigation;

 f) Independent contractors, experts, consultants or advisors who are retained or employed by any of the parties or their counsel in connection with the Litigation, and who have a legitimate need to review such materials to perform their duties of tasks in connection with the Litigation; and

 g) Non-party witnesses in the Litigation only to the extent that such disclosure is strictly necessary in connection with giving testimony in the Litigation.

14. For purposes of this Protective Order, "expert or consultant" means an expert or independent consultant or contractor who is not an employee of the parties, and is retained solely for the purposes of advising and assisting counsel in the preparation or trial of this action or retained to give expert testimony, and includes his or her support personnel to whom it is necessary to disclose Confidential Information for the purposes of this action.

STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY  (Cause No. CV-10-5051-EFC) – Page 6

**GROFF MURPHY, PLLC**
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

15.     Unless the Designating Party agrees otherwise, Confidential Information and associated Derivative Materials may be disclosed to persons referred to in paragraphs 12(a), (e)-(g) and 13(a), (d)-(f) only after such persons have been advised of the terms and operation of this Stipulation and Order. In addition, unless the Designating Party agrees otherwise, the Confidential Information and associated Derivative Materials may be disclosed to persons identified in subparagraphs 12(e)-(g), and 13(d)-(f) only after such persons have been shown a copy of this Stipulation and Order, have agreed to be bound by its terms.

16.     If Confidential Information is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Stipulation and Order to receive such material may be present. The portions of the transcripts of all testimony and exhibits designated or designated on the record of the deposition as Confidential Information shall be separately bound by the reporter in booklets bearing the appropriate designation. Additionally, each party shall have thirty (30) days after receipt of the transcript of any deposition within which to notify the other party of the portions of the transcript that it wishes to designate as Confidential Information. Prior to the end of the thirty (30) day period, undesignated portions of the deposition transcript shall provisionally be deemed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", and may be used or disclosed only as permitted by this Stipulation and Order. Upon being informed that certain portions of a deposition are designated as Confidential Information, each party shall promptly cause each copy in its custody or control to be so marked.

17.     A Designating Party has the right to withdraw any designation it has made at any time, upon written notice to the other parties.

18.     This Protective Order shall not apply to information that, prior to disclosure, either is properly in the possession or knowledge of the party to whom such disclosure is made or is generally publicly known, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made. Notwithstanding the foregoing, a party asserting prior or public

STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF MATERIALS AND INFORMATION
PRODUCED IN DISCOVERY  (Cause No. CV-10-5051-EFC) – Page 7

**GROFF MURPHY, PLLC**
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

1  knowledge must file a motion with the Court to remove material marked "CONFIDENTIAL" or
2  "HIGHLY CONFIDENTIAL" from the protection of this Protective Order unless the parties stipulate
3  or otherwise agree to remove the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

4      19.    Nothing in this Stipulation and Order will affect the right of a Designating Party to share
5  or use his or its own Confidential Information with any person for any purpose, but any such use that
6  results in an intentional public disclosure of information he or it previously designated as Confidential
7  Information will be deemed a withdrawal of the designation as to such publicly disclosed information.

8      20.    Any party to this action may challenge the propriety of any designation of Confidential
9  Information.  Should a party desire to challenge the designation of any material under this Stipulation
10 and Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that party (the "Challenging
11 Party") must serve a written objection to such designation as soon as practicable after the date of
12 designation of the material as Confidential Information; in no event shall any such objection be served
13 later than ninety (90) days prior to trial in this Litigation, unless materials are designated Confidential
14 or Highly Confidential shortly before or after that 90 day period.   The objection shall set forth in detail
15 the basis for challenging the designation.  Within ten (10) business days after service of such an
16 objection, the parties shall meet and confer in an attempt to resolve any dispute arising from the
17 objection. If after such meeting, the dispute remains unresolved, the Challenging Party may, within ten
18 (10) business days after the meeting, serve and file a motion challenging the designation of the
19 Confidential Information.  The challenged information shall be treated as Confidential Information until
20 the Court rules on the challenge.

21     21.    <u>Compliance with Rules</u>.

22     a)    Whenever a party wishes to file a document with the Court that contains
23 information that has been designated as Confidential Information, that party shall comply with the
24 requirements of all Rules of Court to file the Confidential Information under seal.. If the party filing
25 Confidential Information must file a motion to seal, it shall be the burden of the Designating Party to
26 join in the motion to seal and to present to the Court sufficient information or evidence to support the

STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF MATERIALS AND INFORMATION
PRODUCED IN DISCOVERY  (Cause No. CV-10-5051-EFC) – Page 8

**GROFF MURPHY, PLLC**
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

1  sealing of the Confidential Information.  If a motion to seal is required, then, when reasonably possible,
2  the party filing the Confidential Information will provide advance notice of its intent to file such
3  information to the Designating Party.  The Designating Party may join in the motion when it is filed or
4  may do so under the timelines for filing a response under the Rules of Court.
5        b)    The designating party may choose to waive the "CONFIDENTIAL" or
6  "HIGHLY CONFIDENTIAL" designation of any information it files with the Court.  To do so, it shall
7  expressly state in the filing that the prior designation is being waived.
8        c)    If the Court denies a motion to file a document or information under seal, that
9  denial shall not affect any other right or obligation under this Stipulation and Order.  In particular, the
10 persons who have access to such Confidential Information pursuant to paragraphs 12 and 13 shall
11 continue to maintain its confidentiality as provided in this Stipulation.  Furthermore, no party may
12 claim that public access to Confidential Information through court records renders the information non-
13 confidential.
14   22.    Each party is responsible for ensuring that access to all Confidential Information and
15 Derivative Materials shall be permitted only to those persons authorized by this Stipulation and Order
16 to have access to such information. The party that is responsible for improper disclosure shall take all
17 reasonable steps to assist the Designating Party in retrieving or limiting further disclosure of such
18 Confidential Information.
19   23.    The inadvertent disclosure of any privileged information, materials or other materials
20 exempt from production by any party making production of information or materials in the course of
21 this litigation shall not be deemed a waiver or impairment of any claim of privilege or exemption,
22 including, but not limited to, the attorney-client privilege or work product doctrine, concerning any
23 such information or materials or the subject matter thereof.  A party shall promptly notify all other
24 parties if it determines that it has inadvertently disclosed or received privileged information or
25 materials. Any party to whom such information or materials have been disclosed shall immediately
26 return all copies of the information or materials and cooperate in the return of all copies of such

STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF MATERIALS AND INFORMATION
PRODUCED IN DISCOVERY  (Cause No. CV-10-5051-EFC) – Page 9

**GROFF MURPHY, PLLC**
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

material from any persons known to have possession of any such redesignated material.  Nothing in this paragraph constitutes a waiver of any party's right to challenge a supplying party's claim of privilege for any reason, including the manner in which the material as to which privilege is claimed was produced.  Until such challenge has been resolved by order of the Court or by written agreement of the parties, no party shall use or disseminate the subject materials in any manner inconsistent with supplying party's claim of privilege.

24. Should counsel for any party desire to use another party's Confidential Information, or any portion or summary thereof, during any proceedings held in open court, he or she shall, prior to such use, inform the Designating Party of the intended use outside of the presence the jury (if any), and counsel for the Designating Party may at the time of such use request that any portion of the transcript containing such reference to Confidential Information and any documents attached as exhibits containing Confidential Information be filed under seal with this Court and be accorded treatment as Confidential Information as provided by this Stipulation and Order.  To the extent applicable, the parties shall comply with the procedures and requirements the applicable court rules for filing documents under seal or otherwise sealing court documents.

25. This Stipulation and Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  The production of Confidential Information pursuant to this Stipulation and Order shall in no way constitute: (a) a waiver of any right to Object to the production or use of the same information on other grounds; (b) a general or limited waiver of the attorney-client privilege, the work-product doctrine, the right to privacy or any other privilege or legal protection; or, (c) a waiver of any right to object to the production or use of other documents or information in the Litigation or in any other litigation.  By signing this Stipulation and Order, a party is not deemed to have consented or agreed to the production of any document, testimony or information or to have waived any objection to the production or use of any document, testimony or information.  The placing of any

STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF MATERIALS AND INFORMATION
PRODUCED IN DISCOVERY  (Cause No. CV-10-5051-EFC) – Page 10

**GROFF MURPHY, PLLC**
300 EAST PINE
SEATTLE, WASHINGTON  98122
(206) 628-9500
FACSIMILE:  (206) 628-9506

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation on the face of a document produced
2  shall have no effect on determining the authenticity or admissibility of that document at trial.

3  26.     This Stipulation and Order shall be without prejudice to the right of the Designating
4  Party to present a motion to the Court for separate protective orders as to any Confidential Information,
5  including for restrictions differing from those as specified herein.

6  27.     Within sixty (60) days of the conclusion of all proceedings in the Litigation, whether by
7  settlement or final judgment, including, but not limited to, final adjudication of any appeals, petitions
8  for hearing or for extraordinary writs, judgment, settlement, or extraordinary writs, each Designating
9  Party may request that its Confidential Information and all copies thereof and all Derivative Materials
10 reflecting the content of its Confidential Information that are in the custody of other parties (or their
11 transferees) either be returned to counsel for the Designating Party or be destroyed within sixty (60)
12 days after receipt of such request.  Counsel for the respective parties shall confirm in writing to the
13 requesting Designating Party that they have given notice of the request to any transferees of the
14 Confidential Documents, and that they have themselves complied with the requirements of this
15 paragraph. Nothing contained herein shall limit the right of counsel to keep for counsel's historical files
16 one complete set of pleadings and copies of such counsel's work product that contain Confidential
17 Information, provided that such pleadings and work product are appropriately marked as Confidential
18 Information and are kept in a secure location not freely accessible to other firm employees.  The
19 termination of proceedings in this Litigation shall not relieve the parties, their counsel, and others
20 receiving Confidential Information of the obligation to maintain the confidentiality of Confidential
21 Information produced and designated pursuant to this Stipulation and Order.

22 28.     If any party or counsel receiving Confidential Information covered by this Stipulation
23 and Order (a) is subpoenaed in another action, (b) is served with a demand or request in another action,
24 or (c) is served with any other legal process by one not a party to the Litigation that seeks Confidential
25 Information produced or designated as such by some other party; the party receiving such subpoena,
26 demand, or other legal process shall give written notice of such to the Designating Party within five  (5)

STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF MATERIALS AND INFORMATION
PRODUCED IN DISCOVERY  (Cause No. CV-10-5051-EFC) – Page 11

**GROFF MURPHY, PLLC**
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE:  (206) 628-9506

1  business days of receipt of such demand and, if requested to do so by the Designating Party, shall
2  cooperate in maintaining the confidentiality of the information by asserting appropriate objections and
3  facilitating the ability of the Designating Party to challenge the requested production.  Nothing herein,
4  however, shall be construed as requiring the party that received such Confidential Information to
5  challenge or appeal any order requiring that it produce the Confidential Information, or to subject itself
6  to any penalties for noncompliance with any legal process or order.

7      29.    The parties will attempt in good faith to resolve between themselves any disagreements
8  concerning the interpretation or application of this Protective Order.

9      30.    In response to any violation of this Protective Order, the Court may enter sanctions
10  pursuant to Fed. R. Civ. P. Rule 37(b)(2).

11      31.    Upon conclusion of this Litigation, the Court shall retain such jurisdiction as may be
12  permissible, necessary and appropriate to enforce this Stipulation and Confidentiality Order and to
13  enable any party affected by it to apply for other and further orders concerning the subject of this
14  Stipulation and Order, including, without limitation, in connection with alleged violations or threatened
15  violations of the terms of this Stipulation and Order.

16      32.    This Stipulation and Order may be executed in counterparts, each of which shall be
17  deemed an original, and all of which shall constitute one document.
18  Any provision of this Stipulation and Order may be modified by the Court upon proper notice
19  and for good cause shown,
20      It Is So Stipulated:

STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF MATERIALS AND INFORMATION
PRODUCED IN DISCOVERY  (Cause No. CV-10-5051-EFC) – Page 12

**GROFF MURPHY, PLLC**
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

| | |
|---|---|
| GROFF MURPHY, PLLC | JAMESON BABBITT STITES & LOMBARD |
| /s/ *Shelley Tolman* <br> David C. Groff, WSBA #4706 <br> Shelley Tolman, WSBA #41019 <br> *Attorneys for Defendants Washington Closure Hanford LLC and Dennis Houston* <br> 300 East Pine Street <br> Seattle, WA 98122 <br> Ph. (206) 628-9500 <br> Fx. (206) 628-9506 <br> E. dgroff@groffmurphy.com <br> E. stolman@groffmurphy.com | /s/ *Bruce P. Babbitt* <br> Bruce Paul Babbitt, WSBA #4830 <br> *Co-Counsel for Plaintiffs* <br> 999 Third Avenue, Suite 1900 <br> Seattle, WA 98104 <br> Ph. (206) 292-1994 <br> Fx. (206) 292-1995 <br> E. bbabbitt@jbsl.com |
| US ATTORNEY'S OFFICE – SPO | DAVIS WRIGHT TREMAINE |
| /s/ *Tyler H.L. Tornabene* <br> Tyler Howard Louis Tornabene, WSBA #34195 <br> *Co-Counsel for Plaintiffs* <br> 920 W. Riverside, Suite 300 <br> P.O. Box 1494 <br> Spokane, WA 99210 <br> Ph. (509) 353-2767 <br> Fx. (509) 353-2766 <br> E. usawae.ttornabeneecf@usdoj.gov | /s/ *Brad Fisher* <br> Mark N. Bartlett, WSBA #15672 <br> Brad Fisher, WSBA #19895 <br> *Counsel for Federal Engineers & Constructors, Inc. and Bernie Laverentz* <br> 1201 Third Avenue, Suite 2200 <br> Seattle, WA 98101 <br> Ph. (206) 622-3150 <br> Fx. (206) 757-7700 <br> E. markbartlett@dwt.com <br> E. bradfisher@dwt.com |
| STEWART SOKOL & GRAY LLC | |
| /s/ *Tyler J. Storti* <br> John Spencer Stewart, WSBA #15887 <br> Tyler J. Storti, WSBA #40341 <br> *Counsel for Phoenix Enterprises NW LLC and Jonetta Everano* <br> 2300 SW First Avenue, Suite 200 <br> Portland, OR 97201 <br> Ph. (503) 221-0699 <br> Fx. (503) 223-5706 <br> E. jstewart@lawssg.com <br> E. tstorti@lawssg.com | |

IT IS SO ORDERED this **28th** day of **November**, 2011.

**s/ Edward F. Shea**
Honorable Edward F. Shea

STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION PRODUCED IN DISCOVERY (Cause No. CV-10-5051-EFC) – Page 13

**GROFF MURPHY, PLLC**
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506