FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. SALINA SAVAGE, SAVAGE LOGISTICS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON CLOSURE HANFORD LLC; FEDERAL ENGINEERS AND CONSTRUCTORS, INC.; PHOENIX ENTERPRISES NW, LLC; PHOENIX-ABC JOINT VENTURE; and ACQUISITION BUSINESS CONSULTANTS, <br><br> Defendants. | No. 2:10-CV-05051-SMJ <br><br> **ORDER DENYING WASHINGTON CLOSURE HANFORD, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES** |

## I.  INTRODUCTION

This case involves the River Corridor Closure Contract (RCC Contract), which the United States Department of Energy (DOE) awarded to Washington Closure Hanford (WCH) in 2005. The RCC Contract is a ten-year, multibillion dollar contract for environmental restoration, cleanup, and closure of a portion of DOE's Hanford Site. Pursuant to the RCC Contract and 48 C.F.R. § 52.219-9, WCH

ORDER - 1

negotiated and submitted a Small Business Subcontracting (SBS) plan with DOE. This plan required WCH to meet certain targets for subcontracting with small businesses, including women-owned small businesses. The relator plaintiff and the United States (the Government) allege that Defendants knowingly misrepresented the status of several subcontractors in breach of the RCC Contract and in violation of the False Claims Act.

Defendant WCH moves for partial summary judgment on one issue only—the permissible scope of the Government's damages for WCH's alleged violations. WCH argues principally that the Government's damages must be limited to the remedies provided by the RCC Contract. WCH alternatively argues that, if the contract remedies are not exclusive, the Small Business Act's presumption of loss does not apply and the value the Government received by WCH's and the subcontractors' performance must offset any damages.

Each of WCH's arguments fail. First, the RCC Contract remedies are not exclusive in this case. The RCC Contract provides remedies for failure to meet SBS goals and to make a good faith effort to comply with the SBS plan, but those remedies do not address, and do not adequately compensate the Government for, alleged willful misrepresentation of the small-business or women-owned-business status of certain subcontractors. Second, the Small Business Act's presumption of loss applies to the Government's claims against WCH. Finally, because the harm

caused by falsely claiming that a subcontractor is a qualifying small business is the lost value of business and experience going to a qualifying small business, the value of the work performed under the contract is irrelevant and cannot offset the damages for that alleged harm. Accordingly, WCH's motion is denied.

## II. BACKGROUND

In 2005, the DOE awarded the RCC Contract to WCH. ECF No. 340 at 2. Under the RCC Contract, WCH was responsible for cleanup of a large number of sites and the operation of an environmental restoration disposal facility. *Id.*; ECF No. 344 at 2. Among other things, the RCC Contract required WCH to negotiate and submit a Small Business Subcontracting (SBS) plan in compliance with 48 C.F.R. § 52.219-9. ECF No. 340 at 2. The SBS plan required WCH to meet certain targets for subcontracting with small businesses, including women-owned small businesses. *Id.*

This case involves several subcontracts awarded by WCH between 2009 and 2013 to businesses that were represented to be eligible small businesses or women-owned small businesses. ECF No. 344 at 16–19. In each case, the relator plaintiff, who unsuccessfully bid on these subcontracts, alleges that WCH and the subcontractors misrepresented the size and nature of the businesses that received the subcontracts in order to avoid obligations under the RCC Contract and the Small Business Act in violation of state and federal law. ECF No. 168.

The Government filed a separate a complaint in partial intervention, alleging that WCH violated the False Claims Act by knowingly misrepresenting the small business and women-owned-business status of subcontractors Phoenix and Sage Tec, falsely claiming small business credit and compliance with its SBS plan, and submitting claims for payment while in noncompliance with the terms of the RCC Contract regarding small business subcontracting. ECF No. 157. The Government alleges violation of the False Claims Act, breach of contract, unjust enrichment, and payment by mistake. ECF No. 157 at 38–46. The Government seeks the following as damages:

1. Damages based on the full value of the improperly awarded and falsely claimed subcontracts to Sage Tec and Phoenix;

2. Damages based on Section H.28 of the River Corridor Closure Contract;

3. Damages based on the liquidated damages provision of the River Corridor Closure Contract and as set forth in 48 C.F.R. § 52.219-1;

4. Damages based on unreasonable and unallowable costs claimed with respect to the Sage Tec subcontracts, including, but not limited to, any amounts claimed corresponding to any fee for Sage Tec; and

5. Penalties for each false statement submitted or caused to be submitted by WCH, and for each false record or statement that WCH made or used, or caused to be made or used, material to the payment of a false claim.

ECF No. 344-3 at 61–62.

ORDER - 4

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## IV. DISCUSSION

**A. The Government's Damages are not limited to the damages provided by the RCC contract.**

The RCC Contract contains two damages provisions. First, the RCC Contract incorporates the liquidated damages provision set out in 48 C.F.R. § 52.219-16, ECF No. 341-1 at 11, under which the government is entitled to liquidated damages if WCH "has failed to meet its subcontracting goals . . . and failed to make a good faith effort to comply with its subcontracting plan." The amount of these damages "shall be an amount equal to the actual dollar amount by which [WCH] failed to achieve each subcontract goal." 48 C.F.R. § 52.219-16. Second, section H.28 of the RCC Contract permits the Government to reduce WCH's final fee amount for failure to meet subcontracting goals "by an amount up to $3 Million for each milestone up to a total reduction of otherwise earned fee for the contract in the amount of $9 Million." ECF No. 341-1 at 11.

The Government alleges that WCH failed to meet its subcontracting goals and failed to make a good faith effort to comply with its subcontracting plan, and seeks damages for these violations pursuant to 48 C.F.R. § 52.219-16 and RCC Contract Section H.28. ECF No. 344-3 at 61–62. WCH does not dispute at this time that the Government would be entitled to damages under those provisions if it proved its allegations. However, WCH argues that the remedies provided in 48 C.F.R. § 52.219-16 and RCC Contract Section H.28 are exclusive and limit the

ORDER - 6

amount of damages Government may obtain on all of its claims against WCH. ECF No. 339 at 4–5. The Government responds that these provisions provide a mechanism for calculating part of the Government's damages, but they do not account for and do not limit other types of damages. ECF No. 343 at 8–9.

WCH's argument fails for two independent reasons. First, neither 48 C.F.R. § 52.219-16 nor Section H.28 purport to provide an exclusive remedy for violations relating to compliance with an SBS plan. Indeed, 48 C.F.R. § 52.219-16(f) expressly provides that "[l]iquidated damages shall be in addition to any other remedies that the Government may have." Second, these provisions expressly remedy failure to meet subcontracting goals and failure to make a good faith effort to comply with subcontracting goals. They do not provide a remedy for knowingly misrepresenting the small business or disadvantaged business status of subcontractors. This point is made clear by the fact that if WCH misrepresented the status of a subcontractor in violation of the FCA but was nevertheless meeting its SBS goals, damages under only 48 C.F.R. § 52.219-16(f) and Section H.28 would be $0.

WCH cites *United States ex re. Wall v. Circle C Const., LLC*, 813 F.3d 616, 617 (6th Cir. 2016), to support its argument that the Government is limited to contractual remedies here. ECF No. 339 at 4. But *Wall* is not on point. In that case, the court held that the government's "actual damages" under the False Claims Act

ORDER - 7

where a contractor paid its workers less than required by the Davis-Bacon Act was the difference between what was paid and what was owed under the contract. *Wall*, 813 F.4d at 618. Here, by contrast, the alleged harm is not underpayment—where "actual damages" may be easily calculated based on the amount of underpayment. Instead, the alleged harm is business and experience being improperly shifted away from small businesses and women-owned small businesses. There is no simple formula for calculating "actual damages" in this context. In apparent recognition of this difficulty, Congress established a presumption of loss that sets the baseline for the Government's damages in cases like this one.

**B.     The SBA's Presumption of Loss Applies to the Government's Alleged Damages**

As relevant here, the SBA provides:

> In every contract, subcontract, cooperative agreement, cooperative research and development agreement, or grant which is set aside, reserved, or otherwise classified as intended for award to small business concerns, there shall be a presumption of loss to the United States based on the total amount expended on the contract, subcontract, cooperative agreement, cooperative research and development agreement, or grant whenever it is established that a business concern other than a small business concern willfully sought and received the award by misrepresentation.

15 U.S.C. § 632(w)(1).

WCH argues that (1) the presumption of loss did not take effect until implementing regulations became effective on August 27, 2013; (2) the only entity to which the presumption of loss can apply is a putative small business that willfully

ORDER - 8

misrepresents its size status; and (3) the presumption of loss may be limited by statutory, regulatory, or contractual provisions regarding how damages are to be calculated. ECF No 339 at 7–8.

WHC's first two arguments require little discussion. First, the presumption of loss is clearly established by the text of the SBA. Applicable regulations may clarify the scope and application of the presumption, but there is no indication in the text of the statute or elsewhere that Congress intended to delay the effective date of the presumption until after regulations were issued. Second, the presumption of loss plainly applies "*whenever it is established* that a business concern other than a small business concern willfully sought and received the award by misrepresentation." 15 U.S.C. § 632(w) (emphasis added). No language limits the application of the presumption to claims against the putative small business, and no language requires that the misrepresentation be made by the putative small business.

With respect to the third argument, WCH is correct that the presumption of loss does not necessarily prohibit a court from considering other factors that may permit or require a reduction in the amount of damages. *See United States v. Crummy*, 2017 WL 1411461 (D.D.C. Apr. 20, 2017) (holding that the presumption of loss sets the baseline for loss calculation). The presumption is not irrefutable. *Id.*; *United States v. Singh*, 195 F. Supp. 3d 25, 30 (D.D.C. 2016). But it may be rebutted only in a narrow set of circumstances, including "unintentional errors, technical

ORDER - 9

malfunctions, [or] other similar situations that demonstrate that a misrepresentation of size was not affirmative, intentional, willful, or actionable under the False Claims Act." *Singh*, 195 F. Supp. 3d at 30.

**C. The value received by the Government from work completed, is irrelevant to calculating loss in this case.**

WCH argues that any damages must be offset by the value received and retained by the Government. ECF No. 339 at 6. The Government reiterates its argument damages here are properly calculated based on the improperly paid contract amount, without reference to value. ECF No. 343 at 15. As discussed, the alleged harm here is loss of business and experience going to eligible small businesses. This harm is not related to whether or not the Government received the services it bargained for under the contract. Accordingly the value received by the government through the contractor's performance is irrelevant to calculating damages.

## V. CONCLUSION

For the reasons discussed, each of the categories of damages the Government alleges against WCH is permissible in this case.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Partial Summary Judgment on Damages, **ECF No. 339**, is **DENIED**.

ORDER **-** 10

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 24th day of August 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER - 11